J. A. MAGOON, Administrator of Estate of Chun Lung,

deceased, *vs.* S. AMI.

. EXCEPTIONS.

HEARING, OCTOBER 20, 1890. DECISION, NOVEMBER 25, 1890.

. JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

Omission of names in two places in blank forms, used in petition for letters of administration, and in the order therefor, are not fatal, as the real meaning and intent of the petition and order can be gathered from other parts of the same.

The Clerks of the Supreme Court are authorized to issue and sign orders and notices of hearings in probate.

The action being assumpsit by the administrator to recover claims of the deceased intestate, it is not open to the defendant to contest the appointment of plaintiff as administrator, or to question collaterally the validity of his appointment.

Plea in abatement overruled.

OPINION OF THE COURT, BY JUDD, C.J.

We have carefully examined the decision of Mr. Justice Dole in this case rendered on the 2d of October last, and after due consideration are of the opinion that the same ought to be affirmed, and we hereby adopt and affirm the same.

The Plea in Abatement is overruled and the defendant must answer in ten days, and the cause be put on the calendar for trial at the next term.

### DECISION OF DOLE, J., APPEALED FROM.

The plaintiff brought this action in assumpsit as the administrator of the estate of Chun Lung, deceased intestate, and the defendant filed his plea of abatement as follows:

" And now comes said defendant, S. Ami, specially appearing, and shows:

1.   That said J. Alfred Magoon is not in law or in fact the administrator of the estate of Chun Lung, and has no legal authority to sustain this suit against this defendant for the following reasons, namely:

(A) The petition for the appointment of said Magoon as such administrator did not and does not set forth or allege the death of said Chun Lung as by law required, wherefore all the proceedings upon or in pursance of said petition were and are *ultra vires* of the Court and without its jurisdiction.

(B) That the order for a hearing of and upon said petition and of publication of notice of the same does not appear to have been and was not made by said Supreme Court, or any Justice thereof, or by any person thereunto by law authorized.

(C) That no order, decree or judgment has been made or entered or signed by said Court, or by any Justice thereof, or by any other person thereunto by law authorized, constituting or appointing said J. A. Magoon such administrator as aforesaid.

Wherefore defendant prays that said action may be abated and said complaint be dismissed, and for judgment whether this defendant shall be required to make any other or further answer thereto."

It appears by the record in the matter of the Estate of Chun Lung, that C. Afong, the father of the deceased, petitioned the Court that letters of administration be issued to J. A. Magoon, the plaintiff herein, which petition is entitled, " In the matter of the Estate of Chun Lung, deceased," and alleges as follows: " The petition of C. Afong, father of the said Chun Lung, intes-

tate, deceased, respectfully shows to this Court that the said (blank space) died on or about the 11th day of August, A. D. 1889, being at the time of his death a resident of Honolulu, and leaving estate within the jurisdiction of this Court," etc. Although the petition shows great carelessness in drafting, it substantially alleges the death of Chun Lung at the time and place given. No one reading it can fail to understand, and that without guessing, that such is its meaning. The title describes Chun Lung as deceased, and the petition opens with a further description of him as deceased and intestate, and there can be no doubt that the allegation of death refers to him and no one else.

Upon the second reason given in the plea against the validity of the plaintiff's appointment as administrator, that is, that the order for hearing of the petition for letters of administration was not made by the Supreme Court or any Justice thereof, or anyone thereto legally authorized, I find that the only provision for such orders of hearing is in Rule of Court No. 36, division C., which provides that "No appointment of an administrator or executor, except of a temporary administrator, etc., * * * shall be made except on sufficient notice of the matter to be heard and of the time and place of hearing," and "Notice of hearings on the appointment of executors or administrators shall be given by publication in such newspaper or newspapers as the Court may order for three successive weeks," etc. The gist of this requirement is *sufficiency of notice*. The defendant's point is that the notice which was made, being only signed by one of the clerks, in this case by the Deputy Clerk, is invalid. Section 860 of the Civil Code says: the Clerk of the Supreme Court "shall have power to issue process in all suits and matters brought before the Supreme Court or before the Chief Justice or any Associate Justice thereof at Chambers." Chapter 42 of the Laws of 1884 gives similar powers to the Deputy Clerk and Second Deputy Clerk.

I consider that these statutes in conferring upon the clerks the power of issuing "process in all suits and matters brought before the Supreme Court or before any Justice thereof at Cham-

bers," have given them authority to make and publish, according to the Rule of Court above quoted, a notice of the hearing of a petition of letters of administration; for while such a notice may not be strictly a process, it is in the nature of a process and must be regarded as within the powers given to clerks by the law. " Process has two significations. First, it is largely taken for all the proceedings in any action or prosecution, real or personal, civil or criminal, from the beginning to the end; secondly, that is termed the process by which a man is called into any temporal Court." *Perry vs. Lorillard Ins. Co.*, 6 Lansing, 204.

The third point made against the validity of the plaintiff's letters of administration is that there is no order appointing the plaintiff as such administrator. The order under which letters were issued to the plaintiff, after the title, proceeds as follows: " The petition of C. Afong praying for letters of administration upon said estate to be granted to J. Alfred Magoon coming on this day to be heard, due proof was made," and then after a recital of matters proved, goes on to say, " that the said J. Alfred Magoon appears competent to perform this trust. It is ordered that letters of administration on the estate of said Chun Lung issue to the said (blank space) upon his filing an approved bond in the sum of $20,000." The same carelessness is apparent here that has been noticed in the original petition in the same proceedings, and the same considerations apply here as there; the said Magoon being so clearly described in other parts of the order and also in the original petition for letters of administration as the person to whom it was desired and intended that the letters should issue, that the absence of his name as above shown creates no doubt or uncertainty as to the meaning and intention of the order. It is substantially the order of the Justice that letters be issued to J. A. Magoon, the plaintiff in this case.

The defendants have quoted a number of authorities in support of their plea, showing that a Court must have jurisdiction of the subject matter before it can make valid decrees affecting such matter, and that it is essential that all material facts should be alleged. This is good law, but under my findings in regard to the record of the proceedings for letters of administration it

does not apply to this issue. I therefore overrule the plea in abatement upon all the points submitted by the defendant.

The plaintiff's counsel also makes the point against the plea that it is not open to the defendant in this way to contest the plaintiff's appointment as administrator. It is my opinion that it is not open at all to the defendant to contest the appointment of plaintiff as administrator. While it is true that a want of jurisdiction in the Court over the subject matter makes all of the proceedings and decrees of such Court relating to the subject matter void, yet it is not everyone that can raise this objection. A defendant to an action by an administrator, who is not otherwise interested in the estate, may not, I think, attack the status of the administrator in such action. In the case of *Emery vs. Hildreth*, 2 Gray, 231, which was an action of debt, the Court say: "If the appointment was voidable, it could be avoided only by those whose rights or interests had been affected by such appointment. In the question who was to be appointed administrator of the estate of the deceased the defendant had no legal interest. He had no place in Court. He could not have objected to the appointment of the plaintiff in the Court of Probate, and *a fortiori* cannot now. His rights are not prejudiced by the appointment of a wrong person, because payment of his debt to such person, before reversal of the decree of appointment, would be a full protection to him, and because a judgment in a suit by such administrator would be a bar to a suit for such debt by any administrator subsequently appointed." This is a parallel case to the one at issue, and the same principles apply. It is a matter of indifference to the defendant in the case before the Court whether the plaintiff is legally appointed or not, if a judgment which may be rendered against him in these proceedings will be a bar to all future suits upon the same subject matter. The case of *Roderigas vs. East River Bank*, 63 N. Y., 462, referred to by plaintiff's counsel, is also in point.

For this reason also I overrule the plea in abatement.

*W. A. Whiting*, for plaintiff.

*C. W. Ashford* and *F. M. Hatch*, for defendant.